Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of camphor oil the same in all material respects as that the subject of *Orbis Products Corp.* v. *United States* (30 Cust. Ct. 244, C. D. 1527), the claim of the plaintiffs was sustained.

**No. 58664.**—Dodge & Olcott, Inc., et al. *v.* United States, protests 231350–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of camphor oil the same in all material respects as that the subject of *Orbis Products Corp.* v. *United States* (30 Cust. Ct. 244, C. D. 1527), the claim of the plaintiffs was sustained.

**No. 58665.**—Dodge & Olcott, Inc., et al. *v.* United States, protests 233386–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of camphor oil the same in all material respects as that the subject of *Orbis Products Corp.* v. *United States* (30 Cust. Ct. 244, C. D. 1527), the claim of the plaintiffs was sustained.

**No. 58666.**—W. J. Bush & Co., Inc., et al. *v.* United States, protests 235893–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of camphor oil the same in all material respects as that the subject of *Orbis Products Corp.* v. *United States* (30 Cust. Ct. 244, C. D. 1527), the claim of the plaintiffs was sustained.

**No. 58667.**—Dodge & Olcott, Inc., et al. *v.* United States, protests 237682–K, etc. (New York).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise consists of camphor oil the same in all material respects as that the subject of *Orbis Products Corp.* v. *United States* (30 Cust. Ct. 244, C. D. 1527), the claim of the plaintiffs was sustained.

**No. 58668.**—E. Dillingham, Inc. *v.* United States, protest 167136–K (Ogdensburg).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *United States* v. *E. Dillingham, Inc.* (41 C. C. P. A. 221, C. A. D. 555), the claim for free entry under paragraph 1805 as pickets was sustained.

**No. 58669.**—E. Dillingham, Inc. *v.* United States, protests 168698–K, etc. (Ogdensburg).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *United States* v. *E. Dillingham, Inc.* (41 C. C. P. A. 221, C. A. D. 555), the claim for free entry under paragraph 1805 as pickets was sustained.

**No. 58670.**—E. Dillingham, Inc., et al. *v.* United States, protests 177808–K, etc. (Ogdensburg).

Opinion by MOLLISON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that the subject of *United States* v. *E. Dillingham, Inc.* (41 C. C. P. A. 221, C. A. D. 555), the claim for free entry under paragraph 1805 as pickets was sustained.

BEFORE THE THIRD DIVISION, JANUARY 5, 1955

**No. 58671.**—George S. Wisecarver *v.* United States, petition 7124–R (Pittsburgh).

EKWALL, Judge: This is a petition seeking remission of additional duty assessed on an importation of articles of bronze, china, and glass, entered at the port of Pittsburgh, Pa. Said additional duties were assessed due to the fact that the goods were entered at values lower than the final appraised values. (Section 489, Tariff Act of 1930.) The importer, petitioner, who is an antique dealer, testified that he purchased the merchandise in Paris from dealers in that city; that he received an invoice for the same from the packer, who was to pack and forward the goods to Pittsburgh. Said private invoice did not contain an item for the cost of the packing. Petitioner turned over the invoice to his customs broker in the United States for the purpose of making entry, and, later on, upon receipt of the consular invoice, that also was transmitted to the broker. Petitioner admitted that he did not call the broker's attention to the omission of the item of cost of packing from the private invoice, nor did he inform the broker of the disparity between the two invoices, but his failure so to do was due to the fact that he overlooked that item. It further appears from the record that the petitioner showed all of his papers to a customs official who visited his place of business; that he had no intention of withholding any information from the Government or its officials and did not intend to defraud the revenue of the United States.

On cross-examination, counsel for respondent developed the fact that the item of packing was overlooked by petitioner, but not deliberately. Counsel for respondent stated at the close of the hearing that the subject matter of this petition had been investigated by a customs agent, and he read into the record the concluding paragraph of said agent's report as follows: